CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 1 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **TRENT RENE SHIELDS,** | ) |
| | ) |
| Plaintiff, | ) Case No. 7:11CV00148 |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| **NORTHWESTERN REGIONAL ADULT** | ) By: Glen E. Conrad |
| **DETENTION CENTER,** | ) Chief United States District Judge |
| | ) |
| Defendant. | |

Plaintiff Trent Rene Shields, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Shields alleges that officials at the Northwestern Regional Adult Detention Center (the jail) violated his constitutional rights when they used physical force to hold him while a nurse checked his blood sugar. Upon review of the record, the court finds that the complaint must be summarily dismissed.

I

Shields alleges the following sequence of events on which his claims are based. On December 19, 2010, jail officers Stg. Green and Officer Parker escorted Shields to the medical unit, where the nurse was going to check his blood sugar. Shields wanted to take his "shot" in his belly, but the nurse wanted to give it to him in the arm. Sgt. Custer came behind Shields and wrapped his arms around the inmate's neck and head and twisted him to the right. Green grabbed Shields' left arm and twisted it in the air, while Parker held him down low so he could not move. Nurse Blake jumped out of her chair, came around the officers, and stuck Shields in

his arm with the needle. Shields did not receive a disciplinary charge based on his behavior in the medical unit.

Shields also alleges that various jail officers retaliated against him by harassing and threatening him. In support of this assertion, Shields alleges that the officers have given him the nickname, "Sunshine." One officer allegedly told Shields that he could slip and fall and then said, "It's a good day to be alive." Another officer said that the "sunshine" was coming out today, just as Shields was coming out of his cell. Shields sues the jail, seeking monetary damages and demanding that its officers take sensitivity classes.

## II

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). In order to state a claim in any federal civil action, the plaintiff must present more than labels and conclusions; rather his "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1940 (2009).

## A. Improper Defendant

A local "[j]ail is not a "person" and is therefore not amenable to suit under § 1983." Preval v. Reno, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). As stated, Shields names the jail as the only defendant in this action.[1] Therefore, this action will be dismissed without prejudice as legally frivolous, pursuant to § 1915A(b)(1). Moreover, for the reasons stated below, Shields' allegations fail to state any constitutional claims against anyone.

## B. No Eighth Amendment Claim

"After incarceration, only the unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment.[2] Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations omitted). On the other hand, "de minimis uses of physical force" are excluded from constitutional protection, unless they are "of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9 (1993) (omitting internal quotations). Therefore, the court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6. In a two-part inquiry, the court asks whether "the officials acted with a sufficiently culpable state of mind and [whether] the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Id. at 8 (omitting internal quotations). The extent of the

---

[1] Shields mentions jail officials by name in the body of his complaint, but because he does not identify them in the heading of the complaint as defendants, they have not been sued. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").

[2] Shields' complaint does not assert any particular type of constitutional claim. Because Shields argues that he received no disciplinary charge for his conduct, the court construes his complaint as attempting to raise a claim that the officers' use of force against him was excessive under the circumstances.

injury the inmate suffered is relevant to both of these determinations: as a factor in determining "whether use of force could plausibly have been thought necessary in a particular situation" and as "some indication of the amount of force applied." Wilkins v. Gaddy, ___U.S.___, 130 S. Ct. 1175, 1178 (2010).

Shields' allegations do not satisfy either of the elements of an excessive force claim. Nothing in his description suggests that the officers applied force for any reason other than to allow the nurse to perform the blood sugar stick on Shields' arm or that they continued to use force against him once the test was complete.[3] Nor do his submissions indicate that the officers' actions caused him any physical injury, other than the temporary discomforts of being held in an awkward position and then stuck with a needle. Thus, these allegations do not state a plausible claim that the officers used more than de minimis force "maliciously and sadistically to cause harm."

### C. Verbal Harassment and Retaliation

Allegations of verbal abuse and harassment by guards do not state any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). Thus, the court cannot find that officers' alleged verbal comments and threats toward Shields give rise to any plausible constitutional claim.

Similarly, his allegations do not support a retaliation claim under § 1983. Such a claim requires facts showing that the officers took some specific adverse action against the plaintiff because of his exercise of a constitutionally protected right. Adams v. Rice, 40 F.3d 72, 74 (4th

---

[3] The officers rightfully relied on the nurse's medical judgment that the blood sugar test should be performed on Shields' arm rather than his belly. See Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

Cir. 1994). Shields alleges no facts suggesting that official action was taken against him because of his exercise of a protected right. His conclusory assertion of "retaliation" is insufficient to state an actionable claim. Id.

### III

For the stated reasons, the court concludes that Shields' civil action must be dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of March, 2011.

_____
Chief United States District Judge